BASCHAB, Judge.
The appellant, Clifford Adams, was convicted of second-degree theft of property, a violation of § 13A-8-4(a), Ala.Code 1975. The trial court sentenced him to serve a term of three years in prison, but suspended the sentence and placed him on unsupervised probation for three years. The appellant filed a motion for a new trial, which the trial court summarily denied. This appeal followed.
The evidence showed that, on December 6, 1997, security officers at Brook-wood Mall observed the appellant and another man, who were both mall janitorial employees, placing merchandise in the trunk of the appellant’s vehicle. Rich’s Department Store had stored the merchandise, which consisted of various Christmas decorations, in a vacant store. When mall security officers questioned him, the appellant admitted he had taken the items and placed them in the trunk of his vehicle without paying for them. The appellant showed mall security officers and law enforcement officers the items in the trunk of his vehicle and identified the particular items he had taken. Curtis Stoves, the security manager for Rich’s Department Store, then prepared a report that listed the stolen items and their values. Stoves explained that he listed the value of each item based on the price tag on the item. At trial, neither Stoves nor any other witness testified as to the value of the items, and neither the items nor their price tags were admitted into evidence. Instead, two photographs of all of the *451 items were admitted, but those photographs did not show the price tags or otherwise indicate the value of the items. Nevertheless, over the appellant’s hearsay objection, the trial court admitted Stoves’ report into evidence.
The appellant argues that the trial court erroneously admitted Stoves’ report into evidence because the information concerning the value of the items was allegedly inadmissible hearsay. “ ‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Rule 801(c), Ala.R.Evid. “A ‘statement’ is (1) an oral or written assertion ... if it is intended by the person as an assertion.” Rule 801(a), Ala.R.Evid. “Hearsay is not admissible except as provided by these rules, or by other rules adopted by the Supreme Court of Alabama or by statute.” Rule 802, Ala.R.Evid. In this case, the State offered Stoves’ report to show the value of the stolen items. Therefore, the information about the value of the items constituted hearsay because it was an out-of-court statement offered into evidence to prove the truth of the matter asserted. Moreover, the evidence presented at trial did not establish that that information fell within any exception to the hearsay rule. Consequently, the hearsay evidence about the value of the items was not admissible.
The State argues that any error in the admission of the report was harmless because Stoves allegedly “testified extensively regarding the contents of [the] report indicating the value of the items stolen by [the appellant].” (State’s brief at p. 7.) However, neither Stoves nor any other witness testified as to the value of the items listed in the report, and the items were not admitted into evidence. The only evidence that showed the value of the items was Stoves’ report. Therefore, contrary to the State’s assertion, the admission of the report did not constitute harmless error. Accordingly, we must reverse the trial court’s judgment and remand this case for proceedings consistent with this opinion.[1]
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and WISE, JJ., concur; SHAW, J., concurs specially, with opinion.

. Because we must reverse the appellant's conviction on this ground, we need not address the remaining issues he raises on appeal.